OPINION OF THE COURT
O. Peter Sherwood, J.
This special proceeding, brought pursuant to Business Corporation Law § 623, seeks fair value determinations for petitioner Kim Rand’s shares in four corporations, after she exercised her shareholder’s right to dissent to the sale of those corporations. Trial is scheduled for July 21-22, 2014.
Background
Rand was a minority shareholder in respondents 610 Smith St. Corp., 627 Smith St. Corp., Bayway Building Corp., and 37 Bridge St. Realty Corp. (collectively, the companies). The companies were closely held New York corporations whose shares were owned by members of the Chaves family. The controlling shareholders were Rand’s parents-in-law, Herbert and Jane Chaves. Two or three of the companies have an office in New York County. The parties have stipulated to the consolidation of venue.
On December 17, 2012, a majority of the shareholders and directors of each of the companies authorized the company to be merged into a corresponding Florida limited liability company *785 (LLC) pursuant to Business Corporation Law § 904-a and section 608.438 of the Florida Limited Liability Company Act (Fla Stat § 608.401 et seq.). Those LLCs are 610 Smith St., LLC, 627 Smith St., LLC, Bayway Building, LLC, and 37 Bridge St. Realty, LLC. Each of the mergers was consummated not later than January 3, 2013. On December 27, 2012, Rand received official notice of the proposed mergers, by letter dated December 19, 2012.
On January 8, 2013, Rand timely filed notices of election to dissent and demanded payment of the fair value of her shares. Notwithstanding their statutory obligation to provide an offer, respondents communicated to Rand on January 9, 2013 that “[i]f your client would prefer to have her various memberships and stock interests purchased, my clients are willing to entertain any reasonable offer.” Neither party produced an offer and, after the companies failed to institute a special proceeding, Rand timely filed this petition on March 12, 2013.
On September 27, 2013, respondents tendered Rand with an offer, accompanied by a check in the amount of $256,000, which represented an unconditional payment of 80% of Rand’s ownership interests as follows:
Corporation
Respondents’ Offer*
80% Advance Payment
610 Smith St. Corp.
$84,700
$67,760
Bayway Bldg. Corp.
$23,300
$18,640
627 Smith St. Corp.
$127,300
$101,840
37 Bridge St. Realty Corp.
$84,200
$67,360
Total
$319,500
$255,600
By letter dated March 3, 2014, respondents asserted that, due to environmental issues that had recently come to their attention, the value of Rand’s interest in 610 Smith St. Corp. was being amended to zero. Rand objected on the grounds that the *786 amendment constituted an impermissible revocation of the initial offer and seeks to preclude the introduction of the evidence. At a conference on March 18, 2014, the court directed the parties to brief whether an offer made pursuant to Business Corporation Law § 623 may subsequently be amended.
Discussion
The Minimum Value of 610 Smith St. Corp. is $67,760
In their briefs, neither party cites to any case law discussing whether a Business Corporation Law § 623 offer may subsequently be revoked or modified. Respondents rely primarily on the provisions of CPLR 3101 and rule 10 (E) of part 49 of the New York Commercial Division Rules, New York County, arguing that the modification of the offer is merely a component of the disclosure process and that precluding evidence regarding the environmental issues in question would unfairly prejudice respondent 610 Smith St. Corp. at trial. Petitioner counters that the September 27, 2013 offer constitutes a judicial admission of the minimum undisputed value of her shares.
Business Corporation Law § 623 allows “[a] shareholder . . . to receive payment for his shares” in the corporation by objecting to a corporate action, such as a merger, by following the procedures set forth in the statute. As such, the court must provide a separate valuation of Rand’s shares in each of the corporations in which she is a shareholder. Although the parties consented to the court conducting all four valuations in the same proceeding under the same index number, each corporation is analytically distinct for the purpose of the statute.
Business Corporation Law § 623 (g) requires that each statutorily required offer “shall be accompanied by . . . advance payment to each [dissenting] shareholder ... of an amount equal to eighty percent of the amount of such offer.” Business Corporation Law § 623 is silent as to whether an offer may subsequently be revoked, amended, or otherwise modified. There is no support for respondents’ contention that the value of a dissenting shareholder’s interest in a corporation can be reduced below the amount that the corporation has already paid. This payment operates as a floor on the valuation.
Respondents concede that the payment of $256,000 was “unconditional” (respondent’s reply brief at 4). Of this payment, $67,760 (80% of $84,700) was allocated to 610 Smith St. Corp. (see NYSCEF Doc. No. 41 at 65-66). Because this special proceeding comprises four separate corporations, each with its *787 own valuation, the allocation of each payment must be considered individually. As such, the value of Rand’s shares in 610 Smith. St. Corp. as of December 17, 2012 shall be set at the greater of $67,760 and the amount proved at trial.
At Trial Respondents May Introduce Evidence of the Environmental Issues
Respondents’ original offer was contained in a filing entitled “Respondents Voluntary Disclosure Regarding Expert Witnesses” (NYSCEF Doc. No. 41). Business Corporation Law § 623 requires no such expert documentation accompanying the offer. Instead, it requires only the provision of “a balance sheet of the corporation . . . and a profit and loss statement or statements for not less than a twelve month period” (Business Corporation Law § 623 [g]). Any so-called “voluntary disclosure regarding expert witnesses” provided at the time of the offer was more than what the statute required. When Rand rejected the offer, respondents remained entitled to conduct a more detailed review of their offer in preparation for the trial.
Respondents are indeed correct that the CPLR and the rules of this court allow the timely amendment of expert disclosure. Accordingly, respondents may attempt to use the updated expert reports at trial. Rand’s motion to preclude the introduction of this information must therefore be denied.

 These numbers are taken directly from respondents’ letter dated September 27, 2013 (NY St Cts Electronic Filing [NYSCEF] Doc. No. 41, https://iapps.courts.state.ny.us/nyscef/CaseSearch [complete CAPTCHA, search by case index No. 650891/2013, click on index No. hyperlink]), which contains an “offer to purchase . . . shares from petitioner, based on numbers presented in the annexed reports prepared by respondents’ expert witnesses.” (NYSCEF Doc. No. 41 at 2.) The amount tendered ($256,000) is slightly more than the court’s calculation of 80% of respondent’s estimate of petitioner’s equity in the companies ($255,600).